IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSE L. GALLARDO, | CASE NO. 8:07CV357 |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER |
| GARY REIBER, Dawson County Sheriff, et al., | |
| Respondents. | |

This matter is before the court on Respondents' Motion to Dismiss. (Filing No. 23.) Petitioner filed an objection to the Motion to Dismiss (Filing No. 25) and a Motion for Default Judgment (Filing No. 20). As set forth below, Respondents' Motion is granted.

## I. BACKGROUND

On September 10, 2007, Petitioner Jose L. Gallardo ("Gallardo") filed his Petition for Writ of Habeas Corpus ("Petition"), alleging that he was "being illegally confined" by Respondents who are all Dawson County, Nebraska, officials. (Filing No. 1 at CM/ECF p. 2.) Petitioner stated that he had no criminal charges pending against him but that he was being held for failing to complete "mental health classes" while incarcerated by the Nebraska Department of Correctional Services. (*Id.* at CM/ECF pp. 4-5.) Petitioner requested a court order that he "be handed over to the Immigration/Homeland Security Customs for his deportation to his native country Mexico." (*Id.* at CM/ECF p. 5.)

Respondents state that Petitioner was held in the Dawson County, Nebraska, jail pursuant to an order of the Dawson County, Nebraska Mental Health Board. (Filing No. 23 at CM/ECF p. 2.) However, Petitioner was released from the custody of the Dawson County, Nebraska, jail on November 21, 2007. (*Id.* at CM/ECF pp. 2-3.) Petitioner was

released to United States Immigration and Customs Enforcement ("ICE") officials who had previously filed a detainer for Petitioner with the Dawson County, Nebraska, Sheriff's Office. (*Id.*)  Petitioner is not currently in the custody of Respondents.

## *II.   ANALYSIS*

Individuals seeking habeas corpus relief from the judgment of a state court must be "in custody."  28 U.S.C. § 2254(b)(1).  An individual satisfies the "in custody" requirement if he is incarcerated "at the time the petition was filed" and a petition for a writ of habeas corpus does not become moot simply because the petitioner fulfills his sentence.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  However, if a petitioner is released from custody while his habeas corpus petition is pending, the petition is moot unless "some concrete and continuing injury other than the now-ended incarceration . . . some 'collateral consequence'" exists.  *Id.*  Such "collateral consequences" are required in order to satisfy the jurisdictional "case or controversy requirement" for federal judicial proceedings.  *Id.*  Stated another way, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision," or his petition is moot.  *Id.*

Here, Petitioner was not convicted of any criminal charge.  Although Gallardo filed his Petition while he was still in the custody of Respondents, he was subsequently released from their custody.  (Filing No. 23 at CM/ECF pp. 2-3.)  Therefore, unless Gallardo is subject to some collateral consequence of his conviction, his Petition is moot.  Gallardo has not submitted any argument or evidence regarding collateral consequences and none are apparent in the record.  In fact, Gallardo sought to be released from Respondents' custody

to the custody of ICE for deportation to Mexico. Petitioner has received the exact relief he requested and the court can issue no decision against Respondents and in favor of Petitioner which would further the relief sought by Petitioner. The court finds that there is no continuing injury traceable to Respondents, and Gallardo's Petition is therefore dismissed.

IT IS THEREFORE ORDERED that:

1. Petitioner Jose L. Gallardo's Petition for Writ of Habeas Corpus (Filing No. 1) is denied in all respects and this action is dismissed with prejudice;

2. Petitioner's Motion for Default Judgment (Filing No. 20) is denied as moot; and

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 14th day of April, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge